Will the clerk please call the next case? 320219 Manjeet Rahal and Rahal Associates Incorporated Appellants v. City of Joliet Appellee. Mr. Is it Anand? Yes, Ravi Anand. Okay, you may proceed. Thank you. Good morning, your honor. This is Ravi Anand for the appellants. As a preliminary matter, we ask that this court take judicial notice of plans of attorney fees, which we plan from a larger in excess of $158,000, which are stated in the affidavit of Ravi Anand. Also, judicial notice that the property address 700 Henry Street is valued at $153,600 as stated on Zillow.com. Manjeet Rehal's declaration of damages should be part of the record because he had triple bypass surgery during the case in Will County. He suffered because of defendant's conduct, which led to his heart condition. Instead of having a thriving business at Manny's Bar, he was forced to work as a security guard for the state of Illinois Department of Corrections. As one last matter, Manjeet Rehal's race, which plans to let you discriminate based on he's Indian, Sikh, and wears a turban. In the pleadings, we allege that he was discriminated based on his race. Specifically, we ask that the court take judicial notice of his that he's Indian, Sikh, and wears a turban, which we allege he was discriminated based on. You wish to proceed to argument now? Yes. Thank you. Defendant, City of Joliet, wrongfully and maliciously reclassified plans Class A liquor license to a Class B license for Manny's Bar. Plans suffered and seeks damages from defendant. As a result of defendant's wrongdoing and malicious conduct, which include failure to have a hearing when granting the Class A license, harassing plaintiff at Manny's Bar, and removing the Class A application from the liquor license file, which constitutes tampering with evidence, plaintiff suffered damages and losses. Plaintiff are entitled to recovery for damages under promissory estoppel, violation of the 14th Amendment, negligence, negligence, negligence, negligence, negligence, negligence, negligence, negligence, equal protection clause, due process, these are equal protection due process, violations, violation of Title 42 USC Section 1983, the taking clause violation of the 15th Amendment, violation of Title 42 USC Section 1985-3, negligence, intrusion upon seclusion, and breach of contract. Part of the record are the tax consulting aims projections, which show income from Manny's Bar, which support plaintiff's claim for damages. They say they project that plaintiffs would have earned $179,436 in year one and $441,642 in year two. The projections state there would be increasing revenue each year. The trial court in Will County erred in dismissing the case on 619 grounds and 615 grounds. Plaintiff present eight valid causes of action supported by sufficient facts in plaintiff's third amending complaint as to promissory estoppel, the liquor license was revoked without cause and plaintiff suffered reliance damages. Defendant is guilty of discriminating and discriminatory administration enforcement of the laws, the violation of equal protection clause, the binding letters, which were a waiver of the statute of limitation defense, were also brought into the case during the case in Will County, so that those were also a new part of the case that were not part of the case when the previous judgment were entered. So that's something this court should also take into account. Defendant violated title 42 U.S.C. section 1983 because plaintiff established that plaintiff had a property interest in the class A liquor license. No hearing was held in granting the class A license, the liquor license was securely held, the class A license was a property interest in a functional sense, and the class A license was revoked without cause. All eight are sufficiently implied with sufficient facts. This court should consider that defendant tampered with the liquor license file and removed the class A application. The trial court didn't allow plaintiff to proceed with discovery and denied plaintiff's motion to compel. Defendant has a history of vandalism on a trial basis. Defendant's conduct was malicious, willful, and wanted. The state of Illinois granted plaintiff a combined liquor license for Manny's Bar. Part of the record is plaintiff spilled coffee on the application for liquor license renewal application for 2010. Mr. Rehal testified regarding obtaining the class A license during the local liquor commission of City of Joliet during 2012. He stated he purchased Manny's Bar in 2005. Mr. Rehal also testified that he spoke with Mayor Schultz at Mayor Schultz's office regarding the possibility of obtaining a package liquor license or class A license. Mr. Rehal testified that he was advised to fill out a written application, which he did. Mr. Rehal he followed the steps required and through the mayor's office to comply with the requirements for a class A license. He further testified he was approved and obtained in 2009 class A license. From 2010 to 2012, the City of Joliet renewed the license, the class A license. The state of Illinois granted a combined license in 2009. The liquor control commission also issued a combined liquor license in 2012. Defendants had a plaintiff a letter to renew the license in December 30, 2009. On June 6, 2012, defendant issued a citation against plaintiffs and defendant revoked the class A license. Mr. Rehal couldn't attend all liquor commission hearings because his car broke down, which prevented him from attending all the hearings. After plaintiffs received the class A license, plaintiff incurred costs making changes to Manny's Bar in order to accommodate the sale of alcoholic beverages for off-premises consumption as allowed by the class A license. In reliance on plaintiff's intent to convert Manny's Bar to off-premises consumption and in reliance on the class A license, plaintiff ceased on-premises sales on or about January 1, 2012. Plaintiff acquired additional beverage coolers, refrigerators, and other modifications to the to the premises. Defendants sent plaintiffs a letter requesting a certificate of drum shop insurance. A hearing was held when granting the class B license. There was no hearing held on granting plaintiff the class A license per Joliet ordinance code section 413 and 420. The city of Joliet has a history of granting licenses on a trial basis. Plaintiff incurred substantial losses including lost income, business losses, and severe emotional distress. During deputy liquor commission Jim Green's deposition, he stated that plaintiff that plaintiff to obtain a class A license made an application, applied, had a hearing, and was to apply to get a class A license. Green went on to say there's no training for liquor commissioners for the city of Joliet. Mr. Jurate said during his deposition he received a phone call he believes from the police department that the plaintiff was selling alcohol on the premises. He said he had some complaints. He went and visited Manny's Bar with the technical men and a couple police officers. They entered the building and saw packaged liquor. This conduct is clearly discriminatory, unconstitutional, malicious, and willful unwanted. Mr. Jurate then said he checked the files and saw that there was no records that the council voted to go from class B to class A. Jurate said there was no records of plaintiff getting a class A license. Jurate said he had a class A license but not legally. Plaintiff had a class A license and combined liquor license. Renewals were sent to plaintiff each year and plaintiff complied. Plaintiff submitted the class A application. Even though plaintiffs had a class A license, Jurate, Detective Beaumont, and other police officers went to Manny's Bar. The class A application was taken from the liquor license file. No discovery was ever provided by the defendant regarding the complaints made against Manny's Bar. The alleged complaints. Judge Rickman ignored plaintiff's motion to compel defendant to respond to discovery. This proved plaintiff didn't get a fair trial case in Will County. Defendant's FOIA turnover and FOIA partial release proves the defendant tampered with the liquor license file and tampered with evidence. When defendant took the class A license, plaintiff lost their investment in Manny's Bar. Plaintiff incurred attorney fees, a $20,000 refrigerator, $54,000 in renovation, total damages in excess of $1,000,000. Plaintiff also suffered lost revenue from off-premises consumption of sales and mental anguish. The binding letters are evidence that defendant agreed to waive the statute of limitations defense. Defendant also breached the binding letters by not continuing to engage in settlement negotiations. Defendant's argument regarding the appeal before the state of Illinois Liquor Control Commission is false because dismissal was granted on grounds that the appeal was not timely. Every count of plaintiff's third amendment complaint gives rise to a cause of action on facts that entitle plaintiff to recovery. It doesn't appear clear that no set of facts can be proven that would entitle plaintiff to recovery. Defendant's conduct rises to the level of willful and wanton conduct. Defendant's motion to dismiss should have been denied. The complaint states facts supporting each cause of action. Defendant has knowledge of the implications of taking away plaintiff's class A license after granting the license. New facts came to light prior to the ruling including defendant tampering with evidence by removing the class A application. Defendant has a history of granting the class A license on trial basis as explained. Defendant discriminated against plaintiff based on his race, acted maliciously towards plaintiff by granting the class A license, renewing the license for years, and then revoking the license without cause causing damages. Defendant revoked the license without cause knowing plaintiff had incurred substantial damages and costs and that it would result in damages. Defendant also breached contract with plaintiff evidenced by the binding letters. Plaintiff's damages include severe emotional distress, plaintiff dealing with the heart condition for which surgery was required, defendant's willful wanton conduct, breach of contract that caused economic losses and emotional distress. Defendant tampered with evidence by taking the class A application from the file. New facts came to light prior to defendant tampering. New facts that come to light which prevent any immunity from applying which have been explained. The class A license was facilitated the class A license and application and renewals which is evidence of the watch evidence by the watch commander letters. Plaintiff relied on the granting of the class A legal license, the renewals, and suffered damages as a result of defendant's willful wanton conduct. Defendant is liable for the damages and emotional distress. Plaintiff's appeal of the decision of the office of the local commissioner of the city of Juliet wasn't properly heard and wasn't heard on the merits. Therefore collateral estoppel doesn't apply. This case is regarding eight causes of action against defendant. Defendant had a policy on trial basis. Defendant renewed the class A license multiple times and discriminated against plaintiff when defendant revoked the class A license without cause. Defendant tampered with evidence which included the class A application. Defendant harassed plaintiff at Manny's Bar. Therefore collateral estoppel doesn't apply. The former judgment didn't decide these facts because tampering with the file changed the factual context. The issues were not identical. The tampering of the liquor license file also the testimony of Jim Green are essential and changed the factual context making collateral estoppel inapplicable. Plaintiff isn't trying to get the class A license back as they were in the previous proceeding. This creates uncertainty. Also the binding letters are an issue now. The application of the collateral estoppel would create injustice to the plaintiffs. Relitigating of the issues is warranted by the difference in quality and extensiveness of the procedures followed by the two courts as well. The Tort immunity for acts amounting to willful and wanton conduct thus exposing a public entity to liability for egregious conduct. Defendant's conduct amounts to willful and wanton conduct therefore the Tort Immunity Act doesn't apply. So much more defendant's malicious willful and wanton conduct would have been uncovered had proper discovery been allowed. Plaintiff are entitled to judgment, recovery, or damages on all causes of action in plaintiff's third amending claim. Thank you for your time. That's all. Okay Mr. Anand, you'll have time and reply. Okay. Thank you. Mr. Archambault? Actually I think, I don't think Mr. Archambault gets, I think they didn't file a brief. I think it was informed that he would not be, he was allowed to participate and observe but not not argue. That's correct, your honor. Thank you. Okay. Mr. Anand, is there anything you wish to add to your argument this time? No, your honor. Okay, very good. Well, thank you, Council both for your presentations, Mr. Archambault for your presence. This matter will be taken under advisement and written disposition shall issue.